BUMBLE BEE SEAFOODS and Great American Insurance Co., Petitioners,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United States Department of Labor, Respondents,

and

Reynold Hansen, Charging Party.

No. 78–1649.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 14, 1980.

Decided Oct. 10, 1980.

Margaret H. Leek Leiberan, Jones, Lang, Klein, Wolf & Smith, Portland, Or., for petitioners.

Raymond J. Conboy, Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland, Or., for respondents.

Before HUG, FLETCHER, and FARRIS, Circuit Judges.

FLETCHER, Circuit Judge:

Appellant Bumble Bee Seafoods Company (Bumble Bee) petitions for review of a final order of the Benefits Review Board (Board) granting benefits for total disability to appellee Reynold Hansen under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–50 (1976) (the Act). We affirm.

## I

### FACTS

Reynold Hansen worked as a laborer for Bumble Bee. On April 11, 1973, he injured his back while scrubbing the bottom of a boat. During the next two years he made several attempts to return to work, but each attempt led to renewed injury and hospitalization. He finally stopped working in late 1975 and filed a claim for disability benefits under the Act. A Labor Department administrative law judge conducted a hearing, determined that Hansen was totally disabled, and granted him full disability benefits. The Board affirmed.

## II

### DISCUSSION

The Act compensates harbor workers for work–related disabilities. The degree of physical impairment is measured by its impact on the worker's earning capacity. *Cordero v. Triple A Mach. Shop*, 580 F.2d 1331, 1334–35 (9th Cir. 1978), *cert. denied*, 440 U.S. 911, 99 S.Ct. 1223, 59 L.Ed.2d 459 (1979). If a claimant's employer contests the disability claim, an administrative law judge conducts a hearing and by order either rejects the claim or makes an award. 33 U.S.C. § 919(c) (1976). The order may be appealed to the Board, which reviews the record compiled by the administrative law judge and issues a final order. 33 U.S.C. § 921(b) (1976). Final orders may be reviewed by petition to the court of appeals. 33 U.S.C. § 921(c) (1976).

█ Bumble Bee first contends that the administrative law judge and the Board wrongly forced it to bear the burden of persuasion. However, Congress created a statutory presumption that a claimant's injury is covered by the Act, 33 U.S.C. § 920(a) (1976), and we recently held that the humanitarian policy underlying the Act requires resolution of all doubtful questions of fact in favor of the injured employee.

*Parsons Corp. of Cal. v. Director, Office of Workers' Compensation Programs*, 619 F.2d 38, 41 (9th Cir. 1980). Once the claimant has proved that a work–related injury prevents him from performing his former job, the only remaining issue is the availability of other jobs he can perform. It is appropriate to place on the employer the burden of showing that there are available jobs which the claimant can perform. Otherwise, the claimant would have the difficult burden of proving a negative, requiring him to canvass the entire job market. *American Stevedores, Inc. v. Salzano*, 538 F.2d 933, 935–36 (2d Cir. 1976).

It was undisputed that Hansen's injury prevented him from performing his former job as a laborer. Therefore, Bumble Bee had the burden of persuading the administrative law judge of the availability of other jobs that Hansen could perform. The administrative law judge found that Bumble Bee had not met this burden of persuasion.

Bumble Bee asserts that this finding is not supported by substantial evidence. Before we examine this assertion, however, we address the scope of our review. The Labor Department argues that the court of appeals should not independently review the substantiality of the evidence supporting the administrative law judge's finding but instead should limit its inquiry to whether the Board's determination that substantial evidence supported that finding was clearly erroneous. In other words, the Labor Department asserts that "double deference" is due, claiming that we must defer not only to the factfindings of the administrative

law judge but also to the Board's evaluation of the substantiality of the evidence supporting those factfindings.

This approach distorts the system of administrative and appellate review established by the Act. The court of appeals scrutinizes Board decisions for errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations.[1] That standard of review is a rigid one—the Board may not substitute its views for those of the administrative law judge or engage in a *de novo* review of the evidence, and it must accept the administrative law judge's factfindings if they are supported by substantial evidence. *Army & Air Force Exchange Service v. Greenwood*, 585 F.2d 791, 796 (5th Cir. 1978); 33 U.S.C. § 921(b)(3) (1976). *Cf. O'Leary v. Brown–Pacific–Maxon, Inc.*, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951) (a district court judge, who performed the role now performed by the Board, must affirm the administrative law judge's factfindings if they are supported by substantial evidence). The only way we can ascertain whether the Board has adhered to this standard is to conduct an independent review of the administrative record. *Sun Shipbuilding & Dry Dock Co. v. McCabe*, 593 F.2d 234, 237–38 & n. 1 (3d Cir. 1979).[2] This we have done.

Upon review we agree with the Board's conclusion that the record contains substantial evidence to support the administrative law judge's finding that Hansen was totally disabled. In reaching this conclusion we reject Bumble Bee's assertion that

---

1. This court has occasionally overlooked the actual division of functions between the administrative law judge and the Board by describing the Board as a factfinder. *See National Steel & Shipbuilding Co. v. Bonner*, 600 F.2d 1288, 1292 (9th Cir. 1979); *Cordero v. Triple A Mach. Shop*, 580 F.2d 1331, 1333 (9th Cir. 1978), *cert. denied*, 440 U.S. 911, 99 S.Ct. 1223, 59 L.Ed.2d 459 (1979). In both cases, however, the court actually conducted an independent review of the administrative law judge's factfindings to determine whether they were supported by substantial evidence.

2. The standard of review advanced by the Labor Department is similar to that applicable to

decisions of the National Labor Relations Board under 29 U.S.C. § 160(e) (1976). However, the NLRB's factfinding authority is broader than that of the Benefits Review Board. The NLRB, unlike the Benefits Review Board, is not required to uphold the factual determinations of the administrative law judge if they are supported by substantial evidence. Instead, it may disagree with the administrative law judge's factual determinations, and the NLRB's own determination must be sustained if it is supported by substantial evidence. *See Presley v. Tinsley Maintenance Service*, 529 F.2d 433, 436 (5th Cir. 1976).

it could meet its burden of persuading the administrative law judge of the availability of jobs that Hansen could perform by simply showing that Hansen could perform general "sedentary" work. A claimant may be physically able to perform sedentary work but lack the dexterity, technical skills, or verbal skills necessary to perform the sedentary jobs that are actually available. Therefore, the employer must point to *specific* jobs that the claimant can perform.[3]

Bumble Bee also contends that it offered Hansen a security guard job that he was physically able to perform and thereby met its burden of pointing to a specific job that Hansen could perform. However, the evidence regarding the availability of the security guard job and of Hansen's ability to perform it was not persuasive. At the hearing there was a dispute about the duties that the job entailed. Bumble Bee described a job that only required Hansen to make rounds for fifteen minutes of every hour, sit in a heated office for the remaining forty-five minutes, and do no lifting or climbing. Hansen, on the other hand, testified that the job Bumble Bee offered him required him to climb stairs and open and close doors; he also testified that the company renewed that identical job offer as a "final offer" one day before the administrative hearing.[4]

Even if the administrative law judge had believed Bumble Bee's job description, there was a dispute about Hansen's ability to perform that job. Three doctors—Parson, Patrick, and Sarnecki—testified that Hansen could perform light work; two doctors—Robertson and Ginsberg—testified

that he could not. The testimony of a sixth—Dr. Post—was equivocal: he stated that Hansen could probably perform the various tasks ordinarily required of a security guard but was not sure that he could work for eight hours a day or make arrests and respond to emergencies. Finally, Hansen himself testified that he could not perform the security guard job.

On this record, we agree with the Board that there was substantial evidence to support the administrative law judge's conclusion that Bumble Bee had not met its burden of persuasion.

For the foregoing reasons, the order of the Benefits Review Board is AFFIRMED.

---

**3.** Similar reasoning underlies our recent holding that medical evidence that a social security disability claimant can perform sedentary work, coupled with administrative notice of the availability of sedentary jobs, is not sufficient to support the denial of a disability claim. *Hall v. Secretary of HEW*, 602 F.2d 1372 (9th Cir. 1979). Judge Wright stated:

> It is incumbent on the Secretary at a minimum, to come forward with specific findings showing that the claimant has the physical and mental capacity to perform specified jobs, taking into consideration the requirements of the jobs as well as the claimant's age, education, and background.

602 F.2d at 1377. *See also Giampaoli v. Califano,* 628 F.2d 1190 (9th Cir. 1980). Employers in disability cases under the Act who have the burden of persuading the administrative law judge about the availability of other employment must make a similar showing.

**4.** The administrative law judge could reasonably have doubted the sincerity of Bumble Bee's eleventh hour job offer because "actions taken in the face of litigation are equivocal in purpose, motive, and permanence." *Diamond M Drilling Co. v. Marshall,* 577 F.2d 1003, 1007 n. 5 (5th Cir. 1978). *See also Jenkins v. United Gas Corp.,* 400 F.2d 28, 33 (5th Cir. 1968).