**Raleigh HAIRSTON, Petitioner,**

v.

**TODD SHIPYARDS CORPORATION; Aetna Casualty and Surety Company, Inc., Director, Office of Workers Compensation Programs, Respondents.**

No. 86–7572.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 1988.

Decided June 14, 1988.

James C. Causey, Jr., Aaby, Putnam, Albo & Causey, Seattle, Wash., for petitioner.

John W. Schedler, Lee, Smart, Cook, Martin & Patterson, Seattle, Wash., for respondents.

Before TANG and CANBY, Circuit Judges, and REED,\* District Judge.

CANBY, Circuit Judge:

Raleigh Hairston appeals a decision of the Benefits Review Board ("the Board"). The Board reversed a ruling of an administrative law judge ("ALJ") that Hairston was entitled to receive permanent total disability benefits. The ALJ found that Hairston's injury prevented him from returning to his former work and that Todd Shipyards had failed to meet its burden of demonstrating the availability of suitable alternate work. We agree with the ALJ; therefore, we reverse the Board's decision and remand for reinstatement of the ALJ's finding of permanent disability.

## BACKGROUND

Hairston suffered a back injury, sustained while he was employed as a rigger for Todd Shipyards. He brought a claim for benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.* The ALJ determined that Hairston's injury prevented him from continuing longshore work. Although Hairston had received post-injury vocational training in apartment-motel management, Todd Shipyards did not attempt to show the availability of this or any other work to meet its burden of demonstrating that suitable alternate work was available to Hairston. Instead, the company relied entirely on the fact that Hairston had obtained a brief maintenance position with a bank after he was injured. Hairston was fired from this position after seven weeks because an FBI search revealed that he had a prior criminal record for shoplifting. The ALJ held that, because of his past criminal record, a position in a bank was never realistically available to Hairston. Since Todd Shipyards offered no other evidence on job availability, the ALJ held that Todd Shipyards had not met its burden and Hairston's disability was deemed permanent and total.

On review, the Board agreed with the ALJ that Hairston could no longer continue his former work; however, the Board reversed the ALJ's finding that Todd Shipyards did not meet its burden of showing the availability of alternate work. The Board determined that the fact that Hairston had obtained the maintenance position at the bank was sufficient evidence to establish the availability of suitable alternate work. The Board held that Hairston's past criminal conviction should not be considered when evaluating job availability because, unlike age, education, or prior work experience, a past criminal record does not impair a worker's ability to perform the duties of a job. Thus, the Board vacated the ALJ's finding of permanent total disability.

## DISCUSSION

We have jurisdiction to review the Board's final order pursuant to 33 U.S.C. § 921(c). *Thompson v. Potashnick Const. Co.*, 812 F.2d 574, 576 (9th Cir.1987). We review the Board's decision for errors of law and adherence to the substantial evidence standard that governs the Board's review of the ALJ's factual determinations.

\* The Honorable Edward C. Reed, Jr., Chief United States District Judge for the District of Nevada, sitting by designation.

*Long v. Director, Office Workers' Compensation Programs,* 767 F.2d 1578, 1580 (9th Cir.1985).

■ It is undisputed that Hairston's injury prevented him from performing his former job as a rigger. Once Hairston proved that his work related injury prevented him from performing his former job, the burden shifted to his employer, Todd Shipyards, to prove that suitable alternate work was available in the community. *Bumble Bee Seafoods v. Director, Office of Workers' Compensation, Programs,* 629 F.2d 1327, 1329 (9th Cir.1980). If Todd Shipyards failed to meet its burden of showing the availability of suitable alternate work, Hairston's disability should have been considered permanent and total.

■ We have held that to show job availability, it is not sufficient for the employer to point to general work that a claimant may be physically able to perform; rather, "the employer must point to *specific* jobs that the claimant can perform." *Bumble Bee,* 629 F.2d at 1330 (emphasis in original). The Board must take into consideration factors such as a claimant's technical or verbal skills when defining the types of alternate work available to the claimant. *Id.* Moreover, the Board should also inquire whether there exists a reasonable likelihood, given the claimant's age, education, and background, that he would be hired if he diligently sought the job. *See e.g., New Orleans (Gulfwide) Stevedores v. Turner,* 661 F.2d 1031, 1042–43 (5th Cir. 1981). *See also Roger's Terminal v. Office of Worker's Comp.,* 784 F.2d 687 (5th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 101, 93 L.Ed.2d 51 (1986).

■ We conclude that substantial evidence supports the ALJ's decision that Todd Shipyards failed to sustain its burden of showing job availability; thus, the Board

erred in refusing to accept the ALJ's findings. *See Long,* 767 F.2d at 1580. Hairston's brief tenure with the bank is not sufficient evidence to establish the availability of alternate work because his past criminal record prevented a position with a bank from ever being realistically "available" to him. Like a limitation of education or literacy, Hairston's criminal record was incurred well before his injury, not in contemplation of it. No matter how diligently he tried, Hairston could have done nothing to overcome the disqualifying effect of his record. Thus, this case is distinguishable from *Harrod v. Newport News Shipbuilding and Dry Dock Company,* 12 BRBS 10 (February 15, 1980), relied on by Todd Shipyards and the Board. *See id.* (Claimant discharged from his post injury work because he violated a company rule while on the job; thus, the Board concluded that he was "still capable of performing comparable work elsewhere."). We agree with the ALJ, therefore, that Hairston's past criminal record renders work in a bank unavailable to him.

Although Hairston received post-injury vocational training in apartment-motel management, Todd Shipyards made no effort to show that any other employment was available to Hairston beyond maintenance work in a bank. The company, therefore, failed to sustain its burden of proof. Accordingly, we REVERSE the decision of the Review Board and REMAND for a reinstatement of the ALJ's decision.