999 F.2d 1374
 1994 A.M.C. 1214
 Richard L. EDWARDS, Claimant-Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; Todd
Shipyards Corporation; Aetna Casualty and Surety
Company, Inc., Respondents.
 No. 91-70648.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 8, 1993.
Decided July 14, 1993.
 
 Diane L. Middleton and Marc Coleman, Middleton & Coleman, San Pedro, CA, for petitioner.
 
 
 1
 Joshua T. Gilleran, U.S. Dept. of Labor, Washington, DC, for respondent Director, Office of Workers' Compensation Programs.
 
 
 2
 Daniel F. Valenzuela and Yvette Boehnke, Samuelsen, Gonzalez, Valenzuela & Sorkow, San Pedro, CA, for respondents Todd Shipyards Corp. and Aetna Cas. and Sur. Co., Inc.
 
 
 3
 David N. Neusner, Embry & Neismer, Groton, CT, for amicus.
 
 
 4
 Petition for Review of an Order of the Benefits Review Board.
 
 
 5
 Before FARRIS, NORRIS, and REINHARDT, Circuit Judges.
 
 WILLIAM A. NORRIS, Circuit Judge:
 
 6
 Richard Edwards suffered a job-related injury that prevented him from continuing his work as a welder-burner for Todd Shipyards. After Todd retrained him as a mechanical inspector, he found work in that capacity at Nordon Manufacturing, but was laid off after 11 weeks because of a reduction in the work force. He was then unable to find other work.
 
 
 7
 Edwards filed a claim for total disability benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, et seq. ("LHWCA"). The Administrative Law Judge ("ALJ") awarded Edwards total disability benefits, finding that Todd had not proved that there was suitable alternate work available to Edwards. The Benefits Review Board (the "Board") reversed the ALJ's award on the ground that Edwards' 11-week job as a mechanical inspector for Nordon satisfied Todd's burden of proving the availability of suitable alternate work. The Board reasoned that "an employer is not a long-term guarantor of a claimant's employment." Board Opinion at 3. Edwards petitions for review of that decision. Exercising our jurisdiction under 33 U.S.C. § 921(c), we reverse the Board's decision and remand for reinstatement of the ALJ's award.
 
 
 8
 * Under the LHWCA, once Edwards proved that his work-related injury prevented him from performing his former job, the burden shifted to his employer, Todd Shipyards, "to prove that suitable alternate work was available in the community." Hairston v. Todd Shipyards Corp., 849 F.2d 1194, 1996 (9th Cir.1988). If Todd fails to meet this burden, it must pay Edwards permanent and total disability benefits. Id.
 
 
 9
 Edwards' petition for review presents the following question of law: whether Edwards' short-lived job as a mechanical inspector satisfied Todd's burden of proving the existence of suitable alternate work.
 
 
 10
 Although we review the Board's rulings on issues of law de novo, Stevens v. Director, OWCP, 909 F.2d 1256, 1257 (9th Cir.1990), cert. denied sub nom. Lockheed Shipbuilding Co. v. Director, OWCP, 498 U.S. 1073, 111 S.Ct. 798, 112 L.Ed.2d 860 (1991), we accord "considerable weight" to the interpretation of the LHWCA urged by the Director of the Office of Workers' Compensation Programs. Force v. Director, OWCP, 938 F.2d 981, 983 (9th Cir.1991).
 
 
 11
 The Director argues that the Board erred in holding that the fact that Edwards held a job as a mechanical inspector at Nordon for 11 weeks carried Todd's burden of proving the availability of suitable alternate work. In the Director's view, Todd failed to carry this burden because the short-lived employment at Nordon did not prove that suitable alternate work was "realistically and regularly available" to Edwards on the open market. Director's Br. at 16 (emphasis in original). The Director rests this view on the belief that "wage earning capacity," 33 U.S.C. § 908(h), is the touchstone of the extent of disability determination under the Act, Director's Br. at 22, and that earnings in post-injury employment must be sufficiently regular to establish true earning capacity. Director's Br. at 39 (citing 2 Arthur Larson, The Law of Workmen's Compensation § 57.35 (1989)). We defer to the Director's interpretation of the employer's burden of proving that suitable alternate work was available in the community. It fairly serves the long-term remedial purpose of the LHWCA, an act designed to "compensate for any injury-related reduction in wage-earning capacity through the claimant's lifetime." Randall v. Comfort Control, Inc., 725 F.2d 791, 799 (D.C.Cir.1984) (emphasis added).[1]
 
 II
 
 12
 Having decided that the Board erred in ruling that Edwards' short-lived job at Nordon proved the availability of suitable alternate work, we now decide whether there was sufficient evidence to uphold the ALJ's decision awarding Edwards total disability benefits. The ALJ's determination that Todd did not prove the availability of suitable alternate work must be upheld if it was supported by substantial evidence. Hairston, 849 F.2d at 1195. Todd presented two market surveys showing the existence of a few openings as a mechanical inspector. Almost half of the listed openings were not available to Edwards because they required experience which he did not have. Edwards had contacted the other employers in the listings without any success. Edwards had also searched diligently for a job at firms not listed in Todd's surveys, but again without success.[2] Thus, there was substantial evidence supporting the ALJ's determination that Todd had failed to prove the availability of suitable alternate work.
 
 
 13
 We accordingly REVERSE the Board's decision and REMAND for reinstatement of the ALJ's award.
 
 
 
 [1]
 The Fourth Circuit has also adopted the Director's position. See Lentz v. Cottman Co., 852 F.2d 129, 131 (4th Cir.1988) ("By proving that the injured employee retains the capacity to earn wages in regular, continuous employment, the employer's compensation liability is reduced or eliminated." (emphasis added))
 
 
 [2]
 A claimant's diligent yet unsuccessful job search may be used to rebut an employer's evidence of the availability of suitable alternate work. Palombo v. Director, OWCP, 937 F.2d 70, 73 (2d Cir.1991); Newport News Shipbuilding & Dry Dock Co. v. Tann, 841 F.2d 540, 542 (4th Cir.1988); Roger's Terminal & Shipbuilding Corp. v. Director, OWCP, 784 F.2d 687, 691 (5th Cir.), cert. denied, 479 U.S. 826, 107 S.Ct. 101, 93 L.Ed.2d 51 (1986)