122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesse GIDEON, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; Navy
Exchange Service Station, Respondents.
 No. 96-70770.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 Petition for Review of an Order of the Benefits Review Board
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jesse Gideon petitions for review of an order of the Benefits Review Board ("BRB") affirming an administrative law judge's ("ALJ") denial of Gideon's claim for permanent total disability benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 to 950. We have jurisdiction under 33 U.S.C. § 921(c), and we deny the petition.
 
 
 3
 We conduct an independent review of the administrative record and must accept the ALJ's findings of fact if they are supported by substantial evidence. See Lockheed Shipbuilding v. Director Office of Workers' Compensation Programs, 951 F.2d 1143, 1144-45 (9th Cir.1991); see also Reynolds v. Todd Pacific Shipyards Corp., No. 96-70852, 1997 WL 431841, at * 1 (9th Cir. Aug. 4, 1997) (reviewing ALJ decision where BRB affirmed without opinion).
 
 
 4
 Gideon contends that substantial evidence did not support the ALJ's finding that his former employer, the Navy Exchange Service Station, established the availability of suitable, accessible employment as a service advisor. We disagree.
 
 
 5
 Once an employee has shown that his work-related injury prevents him from performing his former job, the burden shifts to the employer to show that "suitable alternate work was available in the community." Hairston v. Todd Shipyards Corp., 849 F.2d 1194, 1196 (9th Cir.1988). To satisfy this burden, "the employer must point to specific jobs that the claimant can perform." Id. (citation and quotations omitted). In determining the employee's ability to perform possible work, the ALJ must consider the claimant's technical and verbal skills, as well as the reasonable likelihood that he would be hired if he diligently sought the possible job given the claimant's age, education, and background. See Stevens v. Director, Office of Workers' Compensation Programs, 909 F.2d 1256, 1258 (9th Cir.1990).
 
 
 6
 It is undisputed that Gideon was unable to return to his former work as a service station manager for the Navy Exchange Service Station due to his work-related neck injury. The Navy Exchange Service Station established that service advisor positions were available at Montgomery Ward and K-Mart's Auto Shop. Gideon, however, without explanation, refused to apply for these jobs. The ALJ considered Gideon's skills and experience and specifically found that Gideon could have reasonably performed and secured these available service advisor jobs had he genuinely and diligently sought these jobs. See Stevens, 909 F.2d at 1260 (stating that pivotal fact must be proof of actual job that claimant can perform and realistically get if diligently sought) Thus, substantial evidence supported the ALJ's finding that employment existed which was suitable, available and accessible to Gideon. See Hairston, 849 F.2d at 1196.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without: oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3