139 F.3d 906
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NORTHWEST MARINE INCORPORATED; Legion Insurance Company, Petitioners,
v.
Bobby HOWINGTON; Director, Office of Workers' Compensation
Programs, Respondents.
 No. 96-70957.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1998.**
Decided Feb. 5, 1998.
 
 Petition for Review of an Order of the Benefits Review Board
 Before: ALDISERT,*** PREGERSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Claimant sought temporary total disability under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901-50 (1994), after he injured his back in the course and scope of employment for Northwest Marine, Inc. (NWI). The ALJ concluded Claimant was temporarily totally disabled because he could not return to work as a boilermaker without extraordinary effort and because he could not find suitable alternative employment. NWI appealed the ALJ's decision to the Benefits Review Board (Board). The Board automatically affirmed the ALJ's decision pursuant to the Omnibus Consolidated Recisions and Appropriations Act of 1996(Act), Pub.L. No. 104-134, 110 Stat. 321 (codified as amended in scattered sections of 5-48 U.S.C.). The Act required automatic affirmance of all appeals over one year old on September 12, 1996. Id. NWI petitioned for review. This panel denies NWI's petition.
 
 
 3
 An award of total disability is generally not available if the claimant has returned to work. See Carter v. Gen. Elevator Co., 14 BRBS 90, 97 (1981). Total disability can be awarded, however, when a claimant "continue[s] his employment due to extraordinary effort and in spite of excruciating pain and diminished strength." Haughton Elevator Co. v. Lewis, 572 F.2d 447, 451 (4th Cir.1978) (Winter, J., concurring); see also Williams v. Gen. Dynamics Corp., 10 BRBS 915, 919 (1979). A claimant's testimony alone is not sufficient to establish extraordinary effort. See Jordan v. Bethlehem Steel Corp., 19 BRBS 82, 1986 WL 66435, at * 2 (1986) (ALJ's finding not upheld when it is based only on claimant's testimony); Feezor v. Paducah Marine Ways, 13 BRBS 509, 515 (1981) (claimant's testimony regarding pain medication not enough without evidence of excruciating pain or extraordinary effort).
 
 
 4
 In this case, the ALJ's decision that Claimant was able to work only under extraordinary effort was based not only on medical evidence but also on testimony from Claimant and his co-workers. The evidence on which the ALJ relied was substantial. See Lockheed Shipbuilding v. Dir., OWCP, 951 F.2d 1143, 1144-45 (9th Cir.1991) (substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). Claimant testified he ingested large doses of aspirin and Advil. Medical evidence supported Claimant's assertion. Co-workers testified that it was obvious Claimant was in a great deal of pain while working.[1]
 
 
 5
 NWI failed to prove suitable alternative work was available in the community. See Hairston v. Todd Shipyards Corp., 849 F.2d 1194, 1196 (9th Cir.1988) (after claimant shows he cannot return to his job, the burden shifts to employer to show the availability of suitable, alternative work). Thus, the ALJ correctly concluded that Claimant was temporarily, totally disabled. Id.
 
 
 6
 We grant Claimant's request for attorneys' fees and refer the setting of the amount to the Appellate Commissioner. See 33 U.S.C. § 928(a) (1994); Ford Aerospace and Communications Corp., 684 F.2d 640, 642 (9th Cir.1982).
 
 
 7
 NWI's petition for review is DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 * The Honorable Ruggero J. Aldisert, Senior Circuit Judge for the Third Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although one supervisor testified that Claimant did not appear to be in pain, the ALJ did not act irrationally by giving more credit to Claimant's co-worker's testimony. Claimant's co-workers had a better opportunity to assess Claimant's posture, speed, and ability