141 F.3d 1178
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John PEDONE, Petitioner,
v.
Director, Office of Workers' Compensation Programs;
Department of the Army/NAF, Respondents.
 No. 96-70872.
 BRB No. 95-1706.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 15, 1998**.
Decided Feb. 27, 1998.
 
 1
 Petition for Review of an Order of the Benefits Review Board.
 
 
 2
 Before WIGGINS and TASHIMA, Circuit Judges, and REA, District Judge.***
 
 
 3
 MEMORANDUM*
 
 
 4
 John Pedone ("Pedone") petitions for review of the decision of the Benefits Review Board ("BRB"), summarily affirming the administrative law judge's ("ALJ") denial of his application for disability insurance benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 902(10).[1] We have jurisdiction pursuant to 33 U.S.C. § 921(a) and deny the petition. As the facts are known to the parties, we do not repeat them.
 
 I.
 
 5
 We review the ALJ's decision for errors of law and adherence to the substantial evidence standard. Jones Stevedoring Co. v. Director, OWCP, 133 F.3d 683, 687 (9th Cir.1997); Hairston v. Todd Shipyards Corp., 849 F.2d 1194, 1195 (9th Cir.1988). Substantial evidence is relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." Lockheed Shipbuilding v. Director, OWCP, 951 F.2d 1143, 1145 (9th Cir.1991) (citations and internal quotations omitted).
 
 II.
 
 6
 Pedone contends that he suffered a total loss of wage earning capacity due to his 1991 back injury and that medical records and reports support his claim of total and permanent disability. This contention fails because the ALJ's finding that Pedone had not suffered any loss of wage-earning capacity since November 18, 1991, is supported by substantial evidence. The medical evidence of Drs. Castello, Toeller, Robbins and Romero indicate that Pedone is capable of some work. There is no medical evidence to the contrary.
 
 
 7
 Additionally, the ALJ found that Gerald Davis, a vocational rehabilitation consultant, identified specific positions in the Las Vegas area that were suitable for Pedone, given his physical limitations and his experience. Pedone contends that the ALJ erred in finding that the relevant labor market for his claim was Las Vegas because he had moved to Kingman, Arizona. However, the ALJ properly looked to Las Vegas because substantial evidence supports the ALJ's finding that Pedone was living there when he was able to work. See Stevens v. Director, OWCP, 909 F.2d 1256, 1260 (9th Cir.1990) (holding that the relevant inquiry is whether an actual job existed at the time that the claimant was able to work). Pedone failed to present any evidence to the ALJ that he had ever lived or had any ties to the Kingman, Arizona, area whereas the record reveals that he had significant ties to the Las Vegas area and, more importantly, he was living there in November 1991, the time at which he was able to work.
 
 
 8
 Finally, substantial evidence supports the ALJ's finding that Pedone had failed to make a diligent effort to obtain suitable alternate employment. Pedone testified that he had never looked in any newspaper for work since returning to the United States. He further testified that the only jobs for which he applied were in his field of slot machine repair.
 
 III.
 
 9
 We reject Pedone's assertion that he was denied the effective assistance of counsel in proceedings before the ALJ. A plaintiff has no right to effective assistance of counsel in a civil case. Nicholson v. Rushen, 767 F.2d 1426, 1427 (9th Cir.1985). Moreover, the record does not support Pedone's contention that his counsel failed to provide adequate assistance.
 
 
 10
 PETITION DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); Ninth Cir. R. 34-4. Petitioner, who appears pro se, did not receive our order submitting this case on the briefs and appeared in court on the date previously set for oral argument. He was permitted to make a brief (10-minute) oral presentation
 
 
 **
 * The Honorable William J. Rea, United States District Judge for the Central District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 The LHWCA is made applicable to this case by the Nonappropriated Fund Instrumentalities Act. See 5 U.S.C. § 8171(a)