145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Betty J. WILLIAMS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS;
Sea-Land Service, Inc.; Crawford & Company, Respondents.
 Nos. 96-70972, 94-0516.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1998.
Decided May 14, 1998.
 
 Before HUG, REINHARDT, and SILVERMAN, Circuit Judges.
 
 MEMORANDUM[1]
 
 1
 Betty Williams petitions for review of an affirmance by the Department of Labor Benefits Review Board of the Administrative Law Judge's ("ALJ's") Decision and Order denying permanent partial disability benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-50 (1997).[2] We have jurisdiction pursuant to 33 U.S.C. § 921(c). We review for substantial evidence and errors of law, see Brady-Hamilton Stevedore Co. v. Director, OWCP, 58 F.3d 419,421 (9th Cir.1995) (quoting Cretan v. Bethlehem Steel Corp., 1 F.3d 843, 845 (9th Cir.1993)), and we reverse and remand.
 
 
 2
 Williams injured her left shoulder while working as a loader/checker for the respondent Sealand Services. The ALJ found that Williams's post-injury wage earning capacity was equivalent to that of a supermarket cashier/checker as of October, 1990, even though the respondents presented no evidence of available cashier/checker jobs at that time. Determining that Williams's wage earning capacity was greater than her pre-injury average weekly wage, the ALJ denied her claim for permanent partial disability benefits.
 
 
 3
 The ALJ's finding that the claimant had the wage earning capacity of a supermarket cashier/checker as of October, 1990 is not supported by substantial evidence because there was no evidence that such jobs actually were available in October, 1990. Where a claimant proves that an injury prevents her from performing her current job, an employer must point to a specific, available job to rebut the presumption that the claimant's disability is permanent and total. See Hairston v. Todd Shipyards Corp., 849 F.2d 1194, 1196 (9th Cir.1988). In the instant case, where the amount of permanent partial disability benefits was at issue but there was no proof of an available job as of the date in question, the evidence was insufficient to support the ALJ's decision to use the wages of a cashier/checker "as a yardstick."
 
 
 4
 Based on the uncontroverted record before us, we conclude that the position of hostess/cashier was available to Williams as of October 21, 1990, when she became eligible for permanent partial disability benefits. Moreover, the description in evidence of the job of hostess/cashier is consistent with the past experience and skills that the ALJ found Williams to have. The average hourly wage for a hostess/cashier, discounted to 1984 dollars, was $168.40 per week. As compensation for her disability, she was entitled to two-thirds of the difference between this amount and her pro-injury average weekly wage, or $67.61 per week.
 
 
 5
 We further conclude that the ALJ's determination that, as of January 1993, Williams was employable as a supermarket cashier/checker was supported by substantial evidence. The average weekly wage for this position, discounted to 1984 dollars, was $198.08 per week. Thus, as of January 26, 1993, Williams was entitled to permanent partial disability benefits in the amount of $47.82 per week.
 
 
 6
 Petition for Review GRANTED. The case is REVERSED and REMANDED for entry of an award consistent with this disposition.
 
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [2]
 Because Williams's petition for review of the ALJ's Decision and Order was pending before the Board for more than one year on September 12, 1996, the Decision and Order was considered affirmed and treated as the Board's final order pursuant to Public Law 104-134. We thus review the ALJ's decision directly. See Jones Stevedoring Co. v. Director, OWCP, 133 F.3d 683, 687 (9th Cir.1997)