**EXPRESS PERSONNEL
SERVICES, INC.,**

v.

**Donna M. BELCHER.**

**No. M2001–02033–WC–R3–CV.**

Supreme Court of Tennessee,
Special Workers' Compensation
Appeals Panel.

Oct. 30, 2002.

Fred C. Statum, Nashville, Tennessee, for the appellant, Express Personnel Services, Inc.

Andrew J. Blackwell, III, Madison, Tennessee, for the appellee, Donna M. Belcher.

### JUDGMENT

PER CURIAM.

This case is before the Court upon the motion for review filed by Express Personnel Services, Inc. pursuant to Tenn.Code Ann. § 50–6–225(e)(5)(B), the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law.

It appears to the Court that the motion for review is not well-taken and is therefore denied. The Panel's findings of fact and conclusions of law, which are incorporated by reference, are adopted and affirmed. The decision of the Panel is made the judgment of the Court. The Court directs the publication of the opinion of the Special Workers' Compensation Appeals Panel at Nashville, June 3, 2002 Session, and mailed July 23, 2002.

Costs are assessed to Express Personnel Services, Inc., for which execution may issue if necessary.

IT IS SO ORDERED.

FRANK F. DROWOTA, C.J., NOT PARTICIPATING.

## MEMORANDUM OPINION

JOE C. LOSER, JR., Sp. J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C. J., and TOM E. GRAY, Sp. J., joined.

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel in accordance with Tenn.Code Ann. § 50–6–225(e)(3) for hearing and reporting of findings of fact and conclusions of law. In this appeal, the employer contends that the trial court improperly considered the claimant's criminal record, her responsibility for five children, her lack of reliable transportation, and her financial need in determining the claimant's vocational disability rating. As discussed below, the panel has concluded that the judgment of the trial court should be affirmed.

The employee or claimant, Belcher, is thirty-seven years old and a high school graduate. Her work experience has primarily been in production, but she has also been a cook and waitress. She has a felony drug-trafficking conviction and two assault convictions.

The claimant began working for the appellant, Express Personnel Services, Inc., in March of 2000 at Dominos Pizza National Distribution Center. In June of the same year, she suffered a hyper extension injury to both wrists when she attempted to catch a falling stack of twenty to thirty trays. The parties stipulated that the injury occurred in the course of the claimant's employment and that notice of the injury was properly given to the employer. Once she began undergoing treatment for her injury, she did not return to her job at Dominos. The claimant underwent physical therapy and a right carpal tunnel release. After the surgical release was performed, the claimant developed clenched-fist syndrome in which she could not open her right hand. With physical therapy, the condition of the right hand improved, but the claimant testified that she still experiences pain and numbness in both hands. In April 2001, her treating physician released her at maximum medical improvement, assessing her anatomic impairment at five percent to both upper extremities. The claimant's physician restricted her from repetitive use or heavy gripping of the right hand, and from more than occasional bilateral heavy gripping. Additionally, he recommended that she avoid repetitive work or other activity that causes pain in her hands. At trial, the claimant and two corroborating witnesses testified the claimant suffered from pain in her hands and was unable to perform manual tasks she had been able to perform before her injury.

The trial court awarded permanent partial disability benefits based on 60 percent to both arms. The chancellor specifically found that the claimant would be unable to obtain employment that involved security or cash-handling because of her prior felony conviction.

This is a case of first impression in Tennessee. It raises the question of whether an employer's liability should be reduced because a claimant's criminal history affects the availability of employment to the claimant. Stated in the reverse, the question is whether a claimant's criminal record is a pertinent factor that should be weighed by the court when determining the extent of a claimant's vocational disability.

In determining the extent of an injured worker's vocational disability, a trial court is to weigh the anatomic impairment rating, lay and expert testimony, and pertinent factors such as "the employee's skills and training, education, age, local job opportunities and his capacity to work at the kinds of employment available in his disabled condition." *Corcoran v. Foster Auto GMC, Inc.,* 746 S.W.2d 452, 458–59 (Tenn.1988) (quoting *Roberson v. Loretto Casket Co.,* 722 S.W.2d 380, 384 (Tenn.1986)). The appellant claims that the permanent partial disability award is excessive because the trial court improperly considered factors such as the claimant's criminal record, her responsibility for five children, her lack of reliable transportation, and her financial need. While the appellant is correct in asserting that a claimant's financial need and domestic responsibilities are not appropriate factors to be considered in determining vocational disability, the trial court did not base its decision thereon. A careful reading of the trial court's order reveals that the court actually based the claimant's sixty percent permanent partial disability upon only the following factors: the claimant's uncontroverted medical impairment rating, her education, her employment history, her testimony regarding the tasks she can no longer perform as a result of her injury, and the impact her criminal record has upon her ability to obtain certain kinds of employment. Regarding the factors weighed by the trial court, the appellant is, then, accurate only insofar as it observes that the trial court considered the claimant's criminal record in determining the kind of jobs that would be available to her in the local labor market.

The appellant contends the trial court's consideration of the claimant's criminal record was improper and unjust because the result is tantamount to holding the employer liable for any vocational disability stemming from the claimant's criminal activity. The claimant, on the other hand, contends that her criminal record is a pertinent factor to the determination of her vocational disability.

It is axiomatic that an employer takes an employee as he finds the employee, with all pre-existing defects and diseases. *Rogers v. Shaw,* 813 S.W.2d 397, 399 (Tenn.1991) (citations omitted). We also observe that the appellant had notice of the claimant's criminal history when it hired her. Though the appellant cautions that including prior felony convictions in the category of "defects and diseases" referred to in *Rogers* will discourage employers from hiring employees with criminal records, the appellant does concede that employers may have to offer higher wages if they wish to attract employees with pristine records to heavy manual labor positions. Further, if a prior felony conviction is not within the Rogers meaning of "defects and diseases," then an employee with an imperfect past who loses his means of earning a livelihood through a workplace injury is, at best, left at the mercy of the state to sustain himself and his family. If such an employee loses access to the labor market because of an injury incurred while performing workplace duties and if his employer is not liable for compensation of that loss of access, then it will be left to the state, if anyone at all, to provide for that employee through social welfare programs. Reducing an employer's liability because an employee's vocational disability is affected by a prior criminal history does not, then, comport with the overall purpose of workers' compensation law. The Tennessee Supreme Court has stated that "if the employee's ability to earn wages in any form of employment that would have been available to him in an uninjured condition is diminished by an injury, then that is what is meant by vocational disability for

the purposes of Workers' Compensation." *Corcoran,* 746 S.W.2d at 459 (emphasis added). As Larson's explains,

> The ultimate "social philosophy" … behind nonfault compensation liability is the desirability of providing, in the most efficient, most dignified, and most certain form, financial and medical benefits which an enlightened community would feel obliged to provide in any case in some less satisfactory form, and of allocating the burden of these payments to the most appropriate source.

1 A. Larson, Larson's Workers' Compensation Law § 1.03[2] (2001). Further, Larson's comments that employers bear the burden of compensating employees for loss of labor market access resulting from workplace injuries because thereby the system ultimately "plac[es] the cost where it rightly belongs, on the consumers of the product whose manufacture was the occasion for the injury." *Id.*

We have noted that this is a case of first impression; however, three foreign jurisdictions, the Ninth Circuit and the states of Washington and Arizona, have already addressed the question of whether an employee's criminal record should be weighed in determining vocational disability. All three have arrived at the same result, finding the consideration of an employee's criminal record proper. See *Hairston v. Todd Shipyards Corp.*, 849 F.2d 1194, 1196 (9th Cir.1988); *Leeper v. Dept. of Labor and Industries,* 123 Wash.2d 803, 872 P.2d 507, 515–16 (1994); and *Dunn v. Industrial Comm'n of Ariz.,* 160 Ariz. 343, 773 P.2d 241, 246 (Ct.App.1989). The reasoning of each court is similar but is perhaps best articulated by the Ninth Circuit Court of Appeals:

> Like a limitation of education or literacy, [the employee's] criminal record was incurred well before his injury, not in contemplation of it. No matter how dili-

gently he tried, [the employee] could have done nothing to overcome the disqualifying effect of his record.

*Hairston,* 849 F.2d at 1196. In *Hairston,* the court deemed the employee's disability permanent and total because the employer failed to meet his burden of proof that there was some employment within the employee's post-injury limitations realistically available to the employee. The only evidence the employer offered was the fact that the employee had a brief tenure in a maintenance position at a bank after his injury. The employee was fired only weeks after starting his job at the bank because the bank uncovered the fact that the employee had a prior criminal record for shoplifting. *Id.* at 1195. In determining the extent of an employee's vocational disability under The Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901–950, the federal courts have held that the Benefits Review Board should consider factors such as the employee's technical or verbal skills, age, education, background, and the likelihood of the employee's being hired given the availability of actual employment opportunities in the local labor market. *Hairston,* 849 F.2d at 1196. That list of factors bears a strong resemblance to the list of pertinent factors set forth in *Corcoran.* Thus, an application of *Hairston's* reasoning to the law and facts presently before this panel would yield the same result, a finding that the trial court was correct in considering Belcher's criminal record in determining her vocational disability. We find the reasoning of the Ninth Circuit persuasive.

The appellant also contends that the award of sixty percent permanent partial disability was excessive, even if the trial court was correct in considering the claimant's prior felony conviction. We do not find the appellant's arguments to that end compelling. The trial court was correct in

weighing the claimant's criminal record in its determination of her vocational disability and the evidence fails to preponderate against the finding of the trial court. Accordingly, we affirm the judgment. Costs are taxed to the appellant, Express Personnel Services, Inc.