FILED

NOT FOR PUBLICATION

JUL 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICKI MORGAN, widow of DENNIS MORGAN, deceased, <br><br> Petitioner, <br><br> v. <br><br> CASCADE GENERAL INC.; et al., <br><br> Respondents. | No. 08-73371 <br><br> OWCP No. 14-132896 <br><br> MEMORANDUM[*] |
| CASCADE GENERAL INC. and LIBERTY NORTHWEST INSURANCE CORP., <br><br> Petitioners, <br><br> v. <br><br> VICKI MORGAN, widow of DENNIS MORGAN, deceased and DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, <br><br> Respondents. | No. 08-73463 <br><br> BRB No. 07-0798 |

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

On Petition for Review of an Order of the
Office of Workers Comp Program

Argued and Submitted May 7, 2010
Portland, Oregon

Before: KLEINFELD, BEA and IKUTA, Circuit Judges.

This case involves claims for disability and death benefits under the Longshore and Harbor Workers' Compensation Act ("Longshore Act"), 33 U.S.C. § 901 (2007). As the personal representative of her husband's estate, Vicki Morgan brings Dennis Morgan's claim for additional benefits resulting from an on-the-job knee injury. Vicki Morgan also brings her own claim for death benefits as Dennis Morgan's widow, on the theory that Dennis Morgan's knee injury and inability to return to his old job led to his depression and excessive drinking and thus resulted in his drunk driving death two years after his injury. The ALJ and Benefits Review Board denied both claims. We affirm.

I

It is undisputed that Dennis Morgan was unable to return to the position he had with Cascade at the time of his injury (boilermaker foreman). Thus, we presume that Dennis Morgan was totally and permanently disabled by his knee injury, unless the employer rebuts that presumption by showing that there were

2

"specific jobs" in the local community that he could have performed given his limitations, and that there was a "reasonable likelihood, given [his] age, education, and background, that he would be hired if he diligently sought the job." Hairston v. Todd Shipyards Corp., 849 F.2d 1194, 1196 (9th Cir. 1988).

Substantial evidence in the record supported the ALJ's determination that the parking lot cashier jobs provided suitable alternate employment available to Dennis Morgan, and that he could have been hired if he had diligently applied. Evidence in the record indicated that Dennis Morgan would not have been psychologically incapable of performing a low-paying job, and that his alcohol use did not make him unemployable. See Rhine v. Stevedoring Servs. of Am., 596 F.3d 1161, 1166 (9th Cir. 2010) (holding that a claimant's employment preferences are irrelevant to the question whether alternative employment is available).

II

Under 33 U.S.C. § 913(a), "[e]xcept as otherwise provided in this section, the right to compensation for disability or death under this chapter shall be barred unless a claim therefore is filed within one year after the injury or death." Vicki Morgan filed her claim for death benefits more than one year after Dennis Morgan's death, so her claim is barred. We reject Vicki Morgan's argument that she is entitled to tolling of the filing deadline under 33 U.S.C. § 913(c) because her grief

3

rendered her mentally incompetent for several months after her husband's death. The ALJ weighed the evidence and determined as a factual matter that the lack of any medical diagnosis or any treatment for mental disorder and the absence of an appointment of a guardian outweighed the lay testimony supporting Vicki Morgan's claim that she was mentally incompetent. She provided no medical evidence of disability, had obtained counsel within weeks of the death, and had obtained appointment as administrator of his estate within a short time after Mr. Morgan's death in April 2002. The Benefits Review Board reviewed the evidence and reasonably concluded that at no time during the year was she mentally incompetent. Because this factual finding was supported by substantial evidence in the record, it cannot be disturbed on appeal.

**AFFIRMED.**