FILED

**NOT FOR PUBLICATION**

APR 08 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRED WAHL MARINE CONSTRUCTION and FARA/ALMA,<br><br>    Petitioners,<br><br>    and<br><br>WILLIAM R. McCULLOUGH,<br><br>    Petitioner-Counterclaim-Respondent,<br><br>  v.<br><br>DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,<br><br>    Respondent.<br>_____<br><br>WILLIAM R. McCULLOUGH,<br><br>    Petitioner,<br><br>  v.<br><br>FRED WAHL MARINE CONSTRUCTION, et al., | CA Nos.: 08-70511; 08-70582; 08-74899<br>OALJ No.: 2005-LHC-01178<br>BRB Nos.: 07-0503<br><br><br><br><br><br>MEMORANDUM[*] |

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Respondents.

Appeal from the United States Department
of Labor Benefits Review Board

Argued and Submitted March 10, 2011
Portland, Oregon

Before: GRABER and THOMAS, Circuit Judges, and MAHAN,[**] District Judge.

Petitioner Fred Wahl Marine and Construction, Inc. appeals the Benefits Review Board's finding that Administrative Law Judge William Dorsey ("ALJ") properly held that respondent/counter-claim petitioner William R. McCullough was entitled to permanent total disability benefits, despite the fact that petitioner identified one suitable alternative employment position at Dairy Queen. McCullough appeals the board's holding that the Dairy Queen job was suitable alternative employment and asserts that it was an abuse of discretion when the board held that $250 per hour for attorney's fees was reasonable.

We review the ALJ's findings of fact to determine if they are supported by substantial evidence in the record as a whole. 33 U.S.C. § 921(b)(3); *Hairston v. Todd Shipyards Corp.*, 849 F.2d 1194, 1195 (9th Cir. 1988). We conduct our own independent review of the evidence to determine if the board followed this

---

[**] The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

2

standard. *Stevedoring Servs. of Am. v. Price*, 382 F.3d 878, 883 (9th Cir. 2004), *cert denied*, 544 U.S. 960 (2005).

After considering McCullough's suspended driver's license, the lack of public transportation in the area, and the excessive cost of having his wife drive him to and from work, the ALJ properly limited the labor market to those jobs within walking distance. *See v. Wash. Metro. Area Transit Auth.*, 36 F.3d 375 (4th Cir. 1994) (holding that the employer must identify possible suitable employment in the "community in which [respondent] lives."); *Fox v. W. State, Inc.*, 31 BRBS 118, 1997 WL 609371, (1997); *see also Hairston*, 849 F.2d 1194; *J.V. Vozzolo, Inc. v. Britton*, 377 F.2d 144 (D.C. Cir. 1967).

In determining if the employer has identified suitable alternative employment, the ALJ must compare respondent's physical restrictions and vocational factors with the requirements of the available positions identified by the petitioner. *See, e.g.*, *Ceres Marine Terminal v. Hinton*, 243 F.3d 222 (5th Cir. 2001); *see also Gen. Constr. Co. v. Castro*, 401 F.3d 963 (9th Cir. 2005), *cert. denied*, 546 U.S. 1130 (2006); *Stevens v. Director, OWCP*, 909 F.2d 1256 (9th Cir. 1990); *Bumble Bee Seafoods v. Director, OWCP*, 629 F.2d 1327 (9th Cir. 1980).

After considering McCullough's physical,[1] educational,[2] and vocational[3] limitations, the ALJ properly rejected several fast food, gas station attendant, restaurant, and customer service positions, indicating that they "exceed[ed] the [respondent's] abilities." However, the board erred when it held there was substantial evidence in the record as a whole to support the ALJ's finding that the Dairy Queen job was suitable alternative employment, as McCullough's physical limitations do not support such a finding.

First, vocational consultant Mr. Stipe found the fast food Dairy Queen job to be "inappropriate" when he stated that employees at jobs such as this need to stand "virtually continuously" and the "key word here is fast." In looking at McCullough's physical abilities and the requirements of a fast food server, Mr. Stipe concluded that "he does not connote a sense of fastness... [a]nd what

---

[1] After his back surgery, McCullough's orthopedic surgeon concluded that he could only sit for 30 minutes at a time, could walk or stand from four to six hours in one day if he received multiple breaks, would need a cane to walk any far distance, and is limited to using a special raised toilet seat. Further, he could only lift up to 20 pounds on an occasional basis and up to eight pounds overhead.

[2] Respondent does not possess a high school diploma and demonstrated a ninth grade reading comprehension level, eighth grade reading vocabulary level, a fifth grade spelling level, and a sixth grade math level.

[3] Respondent's work history includes only jobs that require physical labor such as a well driller, truck driver, heavy diesel mechanic, and a welder.

4

employers want in that kind of industry is speed and ability to do a great deal of work in a short period of time."

Second, the record indicates that the respondent could walk or stand only *on a good day* for up to six hours in an eight hour day, and that on a bad day, he would be limited to walking or standing for *no more than four hours.* Further, vocational rehabilitation counselor Mr. McGowan stated that the respondent had to "lie down three to four times a day for periods of an hour or two at a time to relieve pain in his back."

Third, nothing in the record supports a finding that respondent could compete for the position. As testimony from the respondent's wife indicates, despite the fact that she had no physical limitations, had prior restaurant experience (unlike her husband) and diligently sought work, she could not obtain a job in the fast food/restaurant industry, and never saw a job posting for Dairy Queen. The ALJ erred in disregarding this testimony when he merely stated that the job openings were advertised by "word of mouth," as opposed to "help wanted" signs. In the small town of Reedsport, it is likely that a qualified person seeking employment, such as McCullough's wife, would have heard of the position if it were available.

Finally, the record indicates that employees would be required to rotate positions, going from cashier or drive-through, where McCullough would be limited to sitting for only 30 minutes, to cleaning tables and getting supplies, which can weigh over 30 pounds. The ALJ ignored the fact that this lifting requirement would exceed his physical capabilities, as he is restricted to lifting 20 pounds occasionally and eight pounds over-head.

Thus, as the record supports a finding that the Dairy Queen job was not suitable alternative employment, we need not address whether the finding of a single position satisfied the petitioner's burden. The board's ultimate determination of permanent total disability is affirmed.

The standard of review of an attorney's fee order is whether it was arbitrary, capricious, an abuse of discretion or was not in accordance with the law. *Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049 (9th Cir. 2009)*; Bell v. Clackamas Cnty.*, 341 F.3d 858 (9th Cir. 2003).

The board abused its discretion when its order regarding attorney's fees "lack[ed] elaboration," failed to go outside the Longshore and Harbor Worker's Compensation Act to determine what comparable attorneys in the community receive, and simply concluded that $250.00 was an appropriate hourly rate. *Christensen*, 557 F.3d at 1054.  As the board has not "adequately justified its

6

award," remand on this issue is warranted. *Id.* at 1055. As required by *Christensen*, the board needs to "make appropriate findings regarding the relevant community and the prevailing market rate." *Id.* at 1056.

**AFFIRMED in part, and REMANDED in part.**