**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOLORES MONTOYA, | No. 17-72136 |
| Petitioner, | BRB No. 16-0599 |
| v. | |
| NAVY EXCHANGE SERVICE COMMAND and DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAM, | MEMORANDUM[*] |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

Submitted March 8, 2019[**]
Pasadena, California

Before: KLEINFELD, NGUYEN, and R. NELSON, Circuit Judges.

Dolores Montoya petitions for review the decision of the Benefits Review

Board (the "Board") upholding the Administrative Law Judge's denial of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

permanent total disability benefits under the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. § 901 et seq., as extended by the Non-Appropriated Fund Instrumentalities Act, 5 U.S.C. § 8171 et seq. We have jurisdiction pursuant to 33 U.S.C. § 921(c). We deny the petition for review.

The Board's decisions are reviewed for errors of law and adherence to the substantial evidence standard after an "independent review of the administrative record." Van Skike v. Dir., Office of Workers' Comp. Programs, 557 F.3d 1041, 1045 (9th Cir. 2009); see also Christie v. Georgia-pacific Co., 898 F.3d 952, 956 (9th Cir. 2018) ("The Board is required to accept the ALJ's findings unless they are contrary to law, irrational, or unsupported by substantial evidence." (citations and internal quotation marks omitted)). "A decision by the [Board] is supported by substantial evidence if there exists 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Van Skike, 557 F.3d at 1045–46 (citation omitted).

The Board's decision is supported by substantial evidence. Montoya failed to rebut the Navy Exchange Service Command's identification of suitable alternative employment on August 10, 2012, through a "diligent" yet unsuccessful job search. Kalama Servs., Inc. v. Dir., Office of Workers' Comp. Programs, 354 F.3d 1085, 1090 (9th Cir. 2004); see also Rhine v. Stevedoring Servs. of Am., 596

F.3d 1161, 1166 (9th Cir. 2010) (citing with approval Board decision holding that "[c]laimant may not retain entitlement to total disability benefits merely by alleging that he did not seek work because he was unsure if he would be hired" (alteration in original) (citation omitted)). The only specific attempt to obtain employment in the record is Montoya's asking a woman selling curling irons at a mall kiosk about a job, after which Montoya "gave up," and made no further efforts. Substantial evidence thus supported the Board's decision that Montoya did not make a "diligent" search for employment.[1] Kalama, 354 F.3d at 1090. Even accepting the "reasonable person" standard for which Montoya argues, the Board's conclusion is supportable on the record.[2] See Rhine, 596 F.3d at 1166.

The petition for review is denied.

---

[1] We similarly reject the argument, if any, that the Navy Exchange did not identify suitable alternative employment based on Montoya's alleged inability to seek employment without assistance. See Hairston v. Todd Shipyards Corp., 849 F.2d 1194, 1196 (9th Cir. 1988) (holding that the Board should inquire "whether there exists a reasonable likelihood" the claimant, considering his specific characteristics, would be hired "if he diligently sought the job" in determining the availability of suitable alternative employment).

[2] Although Montoya argues that she lacked the capacity to seek employment on her own, the evidence also suggests she could have asked her daughter or husband for the necessary minimal assistance.