Maria ROGERS, Statutory Representative of Ralph Rogers, Plaintiff–Appellant,

v.

B.F. SHAW, Defendant–Appellee.

Supreme Court of Tennessee, at Jackson.

June 10, 1991.

B.J. Wade and Tim Edwards, Glassman, Jeter, Edwards & Wade, Memphis, for plaintiff-appellant.

Ronald T. Hill, Spicer, Ridolphi, Flynn & Rudstrom, Memphis, for defendant-appellee.

## OPINION

REID, Chief Justice.

This case presents an appeal by the widow of a deceased worker from the judgment of the trial court dismissing the claim for workers' compensation benefits upon a finding that the employee's death was not the result of an occupational disease. The record supports the appellant's claim that the employee's death is compensable.

The determinative medical facts, as distinguished from their legal consequences, are not disputed. During the course of the decedent's more than twenty-year employment as a pipe fitter he contracted asbestosis, which, together with cigarette smoking, caused cancer of his left lung. The cancer was diagnosed in July 1988, prior to the employee's death the following September. However, for several years prior to the diagnosis of cancer, the employee had experienced significant cardiovascular problems. He had a history of high blood pressure and in 1977 he sustained a mild heart attack. In 1986, leg bypass surgery was performed. While hospitalized for that surgery, a lesion was found on his left lung at the location the cancer was found two years later.

The employee was hospitalized on July 5, 1988, with complaints of anemia, fever, and general malaise, all symptoms of cancer. His physicians concluded that removal of the lung was the only treatment that would save the employee's life. In preparation for the lung surgery, tests revealed significant coronary artery blockage. The decedent's primary physician, a specialist in cardiology and internal medicine, in consultation with another cardiologist and a pulmonologist, determined that treatment of the blockage by coronary bypass surgery was a necessary condition to the removal of the lung. The decedent experienced a stroke during the bypass surgery; his condition progressively worsened until his death on September 4, 1988.

The medical experts who testified were the treating cardiologist, the treating pulmonologist, a pathologist who performed an autopsy and reviewed the medical records on behalf of the employee's widow, and a specialist in pulmonary and internal medicine who reviewed the medical records on behalf of the employer. The death certificate completed by the primary physician shows the immediate cause of death to be a stroke. However, as a result of the autopsy, the pathologist concluded the principal cause of death was a lung infection caused by lung cancer, which was caused in part by the asbestosis. The employer's specialist testified the cause of death was complications of the stroke suffered during surgery. The pulmonologist and pathologist agreed the cancer was caused by the combined effects of exposure to asbestos dust and cigarette smoking. The experts

agreed that lung cancer did not cause either the decedent's cardiovascular problems or the stroke suffered during surgery. They also agreed that heart surgery was necessary before the lung could be removed and that removal of the lung was necessary to save the decedent's life.

The trial court found death was caused by the stroke and held the claim was not compensable under the worker's compensation law. The employer asserts that the medical evidence does not establish the causal connection between the decedent's employment and his death necessary to render his death compensable and that, therefore, the preponderance of the evidence supports the court's finding. The decedent's widow first asserts the evidence establishes that infection secondary to cancer was the cause of death and, therefore, the evidence preponderates against the court's finding. The appellant also asserts that death resulting from treatment of the non-work-related condition that was necessary for treatment of the work-related condition is compensable. Because the appellant's second argument is determinative of the case, the question of whether the direct and proximate cause of death was cancer or stroke need not be resolved.

■ It is axiomatic that the employer takes the employee as he is, that is, with his defects and pre-existing afflictions. *Flowers v. South Central Bell Telephone Company*, 672 S.W.2d 769, 770 (Tenn. 1984); *Coleman v. Coker*, 204 Tenn. 310, 321 S.W.2d 540 (1959). Therefore, an employee's death or disability resulting from a heart attack casually related to his employment is compensable, even though the employee suffered from heart disease. *Flowers*, 672 S.W.2d at 770.

■ It is also well-settled that if a compensable injury hastens or accelerates the death or disability of an employee who has a pre-existing illness, the death or disability is compensable under the worker's compensation statute. *See, e.g., Stratton–Warren Hardware v. Parker*, 557 S.W.2d 494, 496 (Tenn.1977) (employee's respiratory disease compensable even though his life-long asthma may have eventually caused same or similar conditions); *Brooks v. Gilman Paint Co.*, 208 Tenn. 595, 347 S.W.2d 665 (1961) (employee's widow not entitled to benefits because employee's death was caused by cancer, not occupational disease; however, Court held that "aggravation, acceleration or exacerbation of a pre-existing condition or disease brought about by an occupational disease" is compensable); *Boyd v. Young*, 193 Tenn. 272, 246 S.W.2d 10 (1951) (back injury contributory cause of acceleration of death of employee due to cancer); *Lucey Boiler & Manufacturing Corp. v. Hicks*, 188 Tenn. 700, 222 S.W.2d 19 (1949) (stress of pain and amputation, under local anesthetic, of injured finger caused fatal rupture of berry aneurysm; death held compensable).

It has also been held that death or disability due to a poor result of treatment, or complications of treatment, or negligent treatment of a work-related injury or disease is compensable. *Knox Porcelain Corporation v. Dockery*, 223 Tenn. 64, 442 S.W.2d 607 (1969) (employee died from complications from ulcer surgery, the ulcers having been a consequence of compensable lung disease); *Mallette v. Mercury Outboard Supply Co.*, 204 Tenn. 438, 321 S.W.2d 816 (1958) (while in hospital for treatment of compensable back injury, employee's injury was "considerably aggravated" due to orderly's negligence; held compensable); *Whitaker v. Morton Frozen Foods, Inc.*, 201 Tenn. 425, 300 S.W.2d 610 (1957) (surgery for employee's injured hand resulted in increased disability).

The principles stated above are corollaries of the general rule that every natural consequence that flows from the occupational disease arises out of the employment, unless it is the result of an independent intervening cause attributable to the employee's intentional conduct. 1 A. Larson, *The Law of Workmen's Compensation* § 13.00 (1990). In explanation of the rule, Larson states:

The basic rule is that a subsequent injury, whether an aggravation of the original injury or a new and distinct injury, is compensable if it is the direct and

natural result of a compensable primary injury.

The simplest application of this principle is the rule that all the medical consequences and sequelae that flow from the primary injury are compensable.

*Id.* at § 13.11.

■ Section 50–6–204(a)(1), T.C.A., requires the employer to furnish to the employee such medical and surgical treatment "as may be reasonably required" by the compensable injury. In determining if the employee's death was the direct and natural result of the occupational disease, the essential issue is whether the treatment which resulted in his death was, in the language of the statute, "reasonably required" in order to treat the occupational disease. The answer to this issue is found in the testimony of the medical experts that the coronary bypass surgery was a necessary condition to the removal of the cancerous lung and that removal of the lung was the only treatment which would save the employee's life.

The employer argues that the employee's cardiovascular condition and his cancerous lung were two independent medical problems and that the employee needed the bypass surgery apart from the lung condition. The urgency of correcting the cardiovascular condition does not appear in the record. The proof shows the employee had a history of high blood pressure, had sustained a minor heart attack in 1977, and had had bypass surgery on a leg in 1986. Although the experts agreed that the bypass surgery was "needed," there was no proof that immediate treatment was required or planned due solely to the heart condition. On the other hand, the proof shows that the employee presented himself at the hospital emergency room with symptoms indicative of lung cancer, his physicians considered immediate removal of the lung necessary, and the bypass surgery was required in order to effect the removal of the lung. Therefore, the bypass surgery was "reasonably required" to treat the occupational disease, the lung cancer. Death resulting from medical treatment considered necessary to the treatment of the occupational disease is compensable.

The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion. Costs are taxed to the appellee.

DROWOTA, O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.