**FILED**

**April 21, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:30 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Douglass Lee Bolden, II | ) Docket No. 2016-05-1033 |
| | ) |
| v. | ) State File No. 50919-2016 |
| | ) |
| Lowe's Home Centers, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims, | ) |
| Robert V. Durham, Judge | ) |

---

### Affirmed and Remanded - Filed April 21, 2017

---

In this interlocutory appeal, the employee alleged injuries to his left ankle and knees as a result of his work delivering heavy appliances. The employer accepted the claim as compensable and provided workers' compensation benefits. After the employee returned from vacation approximately eight weeks after the injury, the employer denied further benefits, asserting the employee had suffered a new injury while hiking on his vacation, which was an independent intervening event that served to break the chain of causation from the original injury. Following an expedited hearing, the trial court concluded the employee had experienced an intervening incident and denied the employee's request for additional benefits. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case for further proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Constance Mann, Franklin, Tennessee, for the employee-appellant, Douglass Lee Bolden, II

Kenneth D. Veit, Nashville, Tennessee, for the employer-appellee, Lowe's Home Centers, Inc.

**Memorandum Opinion**[1]

Douglass Lee Bolden, II ("Employee"), reported injuries to his left ankle and knees arising out of and in the course and scope of his employment with Lowe's Home Centers, Inc. ("Employer"). He alleged the injuries were the result of his work delivering appliances for Employer on or about July 1, 2016, and Employer accepted the claim as compensable and initiated workers' compensation benefits.

Employer provided a panel of physicians from which Employee selected Dr. John Salyer as his authorized treating physician. He first saw Dr. Salyer on July 5, 2016, at which time his physical exam revealed swelling over the lateral aspect of the left ankle and tenderness in the patellar tendons in both knees. X-rays of the left ankle and knees were normal, and Employee was diagnosed with a ligament sprain of the left ankle and patellar tendonitis in both knees. Dr. Salyer assigned restrictions of no lifting over twenty-five pounds, no squatting or kneeling, and no climbing stairs for the following week.

Employee returned to Dr. Salyer on July 12, 2016 with continuing complaints. Because of persisting pain, Dr. Salyer ordered an MRI of Employee's left ankle and continued the previously assigned work restrictions. The MRI was performed on July 25, 2016, and revealed chronic Achilles tendon tendinosis with surrounding soft tissue edema. There was no evidence of an Achilles tendon tear. There was also a small effusion in the ankle joint. At a follow-up visit with Dr. Salyer on August 9, 2016, Employee reported that his ankle was improved, but that he still experienced pain and soreness if he overworked it. Dr. Salyer continued the previously assigned restrictions until a scheduled follow-up visit on September 1, 2016, at which time he anticipated returning Employee to full duty.

At the September 1, 2016 visit, Employee reported that, while he was on vacation, he "pushed off a rock with his left [leg]" and was "having pain in [his] left ankle again." Dr. Salyer noted Employee was "[b]ack to where he was originally when he injured his ankle." Employee described experiencing pain with weightbearing activities, and Dr. Salyer indicated Employee would need non-weightbearing work for the following week. He instructed Employee to continue using an ace bandage and wearing a work boot for additional support. In the work note provided to Employer, Dr. Salyer stated that Employee

> was doing well, but while hiking last Sunday, was pushing off one rock to
> get to another and developed pain in the left ankle, again. He may return to

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

work but will need to have a position that will allow him to stay off his feet, with left foot elevated, for the next week. Due to the recurrent pain and swelling, he needs to see an orthopedic doctor for evaluation . . . .

Employer then denied the claim, asserting Employee had not suffered an injury arising primarily out of and in the course and scope of his employment on July 1, 2016, and that his current complaints were due to an independent intervening incident unrelated to his work activities. Employee returned to Dr. Salyer for follow-up care, and Dr. Salyer noted on each occasion that he recommended examination by an orthopedic specialist. He further stated in a December 19, 2016 office note that Employee's "problem all goes back [to the workers' compensation] injury in July."

Employee filed a petition for benefit determination followed by a request for an expedited hearing. At the hearing, Employee and a representative of Employer testified. Employee's testimony reflects that, in late August, he took a vacation to the Canadian Rockies and, while on a short walk to see a waterfall, he experienced increased symptoms in his left ankle. Employee described the trail he was on as a "rocky, dirt path, just like a regular tourist path" that was "well worn" with no "big obstruction." On cross-examination, Employee testified that he was off the main trail and crossing a stream by going from one large "boulder" to another when he felt an "aggravation" in his left ankle. Specifically, he stated that he used his left foot "almost like a springboard, so to speak, and used it to push to get my – you know, a safe footing to my next landing, so to speak." He testified that he "immediately felt it aggravate it more . . . just like a deep recoil effect."

The trial court concluded that, "[i]f the incident occurred during a 'five-minute walk' on a 'well-worn path' as described by [Employee's] counsel . . ., the Court would be inclined to find that [Employee] did not fail to exercise due care under the circumstances." The trial court noted, however, that "the testimony simply does not bear out counsel's description," as Employee "elected to cross a stream while stepping from rock to rock in such a fashion that he had to 'push off' with his left foot to reach the next rock or risk falling in the water." The trial court observed that Employee "chose to do this despite the fact that he still suffered from pain, weakness and swelling in his ankle, particularly when he placed it under increased stress." As a result, the trial court concluded that "such behavior under the circumstances was a 'failure to exercise due care' for his work-related injury" and denied Employee's request for additional workers' compensation benefits for his ankle injury. Employee has appealed.

An employee bears the burden of establishing every essential element of a claim for workers' compensation benefits, including a claim that the need for medical treatment arose primarily out of and in the course and scope of his employment. *See, e.g.*, *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited

3

hearing, an employee is not tasked with proving these elements by a preponderance of the evidence, but must present sufficient proof to establish he or she will likely prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1) (2016). *Id.* However, "[t]his lesser evidentiary standard . . . does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at * 6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

Additionally, injuries occurring as the direct and natural consequence of a compensable work-related injury are compensable. *See Rogers v. Shaw*, 813 S.W.2d 397, 399-400 (Tenn. 1991); *Lee v. Western Plastics*, No. 2016-06-0912, 2016 TN Wrk. Comp. App. Bd. LEXIS 53, at *6-7 (Tenn. Workers' Comp. App. Bd. Oct. 20, 2016). The law is clear that "[h]owever firmly implanted the principle may be that a subsequent injury is deemed to arise out of the employment if it flows from a compensable injury, the rule has a limit. That limit hinges on whether the subsequent injury is the result of independent intervening causes, such as the employee's own conduct." *Anderson v. Westfield Grp.*, 259 S.W.3d 690, 697 (Tenn. 2008). When considering whether an employee's conduct is an independent intervening cause, a trial court is to consider whether the employee's conduct is intentional, reckless, or whether the employee failed to exercise reasonable care under the circumstances. *Anderson*, 259 S.W.3d at 698-99.

In this case, Employee has not met the "lesser evidentiary standard" necessary to entitle him to the additional benefits he seeks for his ankle injury. Employee testified at the expedited hearing that while he still "catered" to his injured left ankle, he went on a vacation where he and his family took a short hike on an established path to see a waterfall. While on this path, Employee elected to cross a stream by stepping from rock to rock. The trial court determined that Employee "'failed to exercise due care under the circumstances' when he aggravated or re-injured his ankle," which resulted in Employee's doctor increasing his work restrictions and referring him to an orthopedic physician for additional treatment. We agree that the proof presented at the expedited hearing supports the trial court's determination that Employee's actions constituted an independent intervening cause that severed the chain of causation. Although it does not appear that Employee's activities violated any medical restrictions imposed by the treating physician, Employee nonetheless voluntarily engaged in non-work-related physical activities that presented a substantial risk to his healing left ankle and resulted in an aggravation or re-injury that required additional medical treatment.

Moreover, Dr. Salyer testified Employee had been progressing well prior to the hiking event, and that "he did injure [his ankle] while he was pushing off the rock while he was hiking." He further testified that he "[thought] that the original injury in July

made it easier for [Employee] to injure [his ankle] with that hiking incident because of what had already happened." The aggravation or re-injury to Employee's left ankle resulted in a significant increase in Employee's work restrictions and modifications to the treatment plan. In addition, Dr. Salyer testified that he did not recall any indication of discoloration or bruising of Employee's ankle prior to the hiking event, but upon examination of Employee's ankle following the hiking incident, bruising or ecchymosis was present. We conclude that the evidence does not preponderate against the trial court's determination that Employee failed to exercise due care in light of the circumstances of this case. Thus, we agree with the trial court's finding that Employee's current need for medical treatment for his left ankle is not the direct and natural consequence of his work-related injury. *See Anderson*, 259 S.W.3d at 699. Accordingly, the trial court's decision is affirmed and the case is remanded for any further proceedings that may be necessary.

**FILED**

**April 21, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:30 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Douglass Lee Bolden, II | ) | Docket No.    2016-05-1033 |
| | ) | |
| v. | ) | State File No.   50919-2016 |
| | ) | |
| Lowe's Home Centers, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 21st day of April, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Constance A. Mann | | | | | X | cmannlaw@msn.com |
| Kenneth D. Veit | | | | | X | kenny.veit@leitnerfirm.com |
| Robert V. Durham, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |



Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov