**FILED**
**Jun 25, 2018**
**09:06 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **TERESA SIMS,** | ) | **Docket No. 2018-06-0105** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **FRED'S, INC.,** | ) | **State File No. 66673-2016** |
| **Employer,** | ) | |
| | ) | |
| **SAFETY NATIONAL CASUALTY** | ) | |
| **CORP.,** | ) | **Judge Joshua Davis Baker** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

The Court convened an Expedited Hearing on June 14, 2018. Ms. Sims requested reinstatement of medical and temporary disability benefits that Fred's suspended after the authorized physician refused to operate due to Ms. Sims' uncontrolled diabetes. Fred's argued Ms. Sims' failure to control her preexisting diabetes rendered her noncompliant. For the reasons below, the Court holds Ms. Sims is likely to prevail at a hearing on the merits and orders Fred's to reinstitute her benefits.

### History of Claim

On August 29, 2016, Ms. Sims suffered multiple injuries, including injuries to her ankle and back, when she fell from a truck cab while working for Fred's. Fred's accepted her claim as compensable and provided medical treatment with several physicians, including Dr. Tarek Elalayli.

Dr. Elalayli treated Ms. Sims' back injury and then referred her to Dr. Roger Passmore. Dr. Passmore diagnosed a calcaneus fracture and recommended surgery, but he then cancelled the surgery because of Ms. Sims' uncontrolled diabetes.

Ms. Sims testified she sporadically received diabetic treatment for twenty-five years. She had no insurance, so she often purchased insulin and supplies out-of-pocket

and rationed them. Ms. Sims said she could not afford the treatment needed to control her diabetes and allow Dr. Passmore to operate.

After Dr. Passmore cancelled the surgery, Fred's suspended Ms. Sims' benefits on November 21, 2017, for non-compliance "with controlling her insulin levels." Ms. Sims testified she earned no income from that date until she began working for a temporary agency on March 26, 2018. Ms. Sims earned an average weekly wage of $855.32 which translated to a compensation rate of $570.21.

Both Drs. Passmore and Elalayli completed Standard Form Medical Reports. Dr. Elalayli reported that Ms. Sims' inability to work because of her back injury lasted until January 8. Dr. Passmore provided no date and wrote, "Unknown as I have only seen the patient once almost one year after her injury."

### Findings of Fact and Conclusions of Law

Ms. Sims has the burden of proof but need not prove every element of her claim by a preponderance of the evidence to receive relief at an expedited hearing. Instead, Ms. Sims must present sufficient evidence to prove she would likely prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). The Court finds she carried this burden and orders Fred's to provide her temporary disability and medical benefits.

An employer is required to provide an injured worker "such medical and surgical treatment . . . as ordered by the attending physician . . . made reasonably necessary by accident." *See* Tenn. Code Ann. § 50-6-204(a)(1)(A) (2017). However, when an employee refuses to "accept the medical or specialized medical services" the employer is obligated to furnish, then "compensation shall be suspended and no compensation shall be due and payable while the injured employee continues to refuse." *Id*. at 50-6-204(d)(8).

Fred's argued Ms. Sims is noncompliant with medical treatment because she neglected to control her diabetes. Fred's also insists it should not be required to act as her private health insurer simply because she lacks coverage to control her diabetes. Ms. Sims asserted her benefits were wrongfully suspended, as she did not refuse treatment, services, or an examination. She emphasized she would not need medical care to manage her diabetes if not for her work injury. She requested reinstatement of her benefits, repayment of accrued benefits, and diabetic treatment to facilitate her ankle surgery.[1]

---

[1] Ms. Sims also requested assessment of twenty-five percent penalty under Tenn. Code Ann. section 50-6-205(b)(3)(A) for Fred's failure to timely pay temporary disability benefits after November 27, 2017. The Court will address this issue via a separate order if necessary.

The Workers' Compensation Law requires an employer to take an employee as he finds him. *See Coleman v. Coker*, 321 S.W.2d 540, 541 (Tenn. 1959). When the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment. *See Ogden v. McMinnville Tool and Die, Inc.*, TN Wrk. Comp. App. Bd. LEXIS 14, at * 11 (May 7, 2018). Additionally, all the medical consequences and sequelae that flow from a primary injury are compensable. *Id*.

Ms. Sims cited *Rogers v. Shaw*, 813 S.W.2d 397 (Tenn. 1991) to support her argument that Fred's must provide her diabetic treatment. In *Rogers*, the Tennessee Supreme Court ordered the employer to pay for heart bypass surgery to treat a preexisting cardiovascular condition because the employee could not have surgery for the work injury without first undergoing the bypass. The Court wrote, "Although the experts agreed that the bypass surgery was 'needed,' there was no proof that immediate treatment was required or planned solely due to the heart condition." *Id*. at 400. Significantly, his need for the bypass surgery did not arise from his preexisting condition but arose instead from his work injury.

In determining if Ms. Sims' need for diabetic treatment is the direct and natural result of her work injury, the essential issue is whether that treatment is "reasonably necessary" to treat her work injury. Dr. Passmore recommended surgery for Ms. Sims' work injury but refused to operate until her diabetes came under control. Ms. Sims credibly testified that she needs treatment to control her diabetes so she can have surgery, but she cannot afford it. As in *Rogers*, Ms. Sims needs treatment for her preexisting condition, but she planned no "immediate treatment" until the workplace accident. In other words, Ms. Sims could continue living with poorly controlled diabetes if not for her work injury. Thus, the Court holds she would likely prevail in proving the reasonableness and necessity of the diabetic treatment at a trial on the merits.

The Court further holds Fred's must pay Ms. Sims accrued temporary disability benefits. To recover temporary total disability benefits at an expedited hearing, Ms. Sims must show she would likely prevail at hearing on the merits in proving: (1) she is totally disabled and unable to work due to a compensable injury, (2) the work injury and inability to work are causally connected, and (3) the duration of her disability. *Jewell v. Cobble Constr. and Arcus Restoration,* 2015 TN Wrk. Comp. App. Bd. LEXIS 1, at *21 (Jan. 12, 2015).

The Court finds Ms. Sims would likely prevail in proving all three elements at a hearing on the merits. Based on Dr. Elalayli's opinion, her back injury prevented her from working until January 8, 2018.[2] Fred's ended her benefit payments on November

---

[2] Because Dr. Passmore declined to offer his opinion on the C-32 Standard Form Medical Report without further examining Ms. Sims, the Court cannot ascertain whether Ms. Sims would likely prevail in proving entitlement to temporary disability benefits from January 8, until she began working for the temporary agency on March 26, 2018 .

3

26, 2018. Fred's must pay Ms. Sims the accrued temporary disability benefits for this six-week period.

It is **ORDERED** as follows:

1. Fred's shall reinstate Ms. Sims' medical benefits.

2. Fred's shall pay Ms. Sims $3,421.26 in accrued temporary disability benefits.

3. Fred's shall provide a panel of physicians from which Ms. Sims' shall select one to serve as an authorized treating physician for diabetic treatment that would facilitate surgery for her work-related ankle injury.

4. This matter is set for a status conference on Monday, August 27, 2018, at 9:00 a.m. (CDT). **You must call 615-741-2113 or toll-free 855-874-0474 to participate in the Hearing. Failure to call may result in a determination of issues without your further participation.**

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED ON JUNE 25, 2018.**

_____

**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

4

## APPENDIX

Exhibits:

1. Medical Records
2. Ms. Sims' Rule 72 Declaration
3. First Report of Injury
4. Wage Statement
5. Notice of Controversy

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Fred's Prehearing Brief
5. Ms. Sims' Prehearing Brief

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on June  25th , 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Zachary Wiley, Employee's Attorney | | | X | zwiley@forthepeople.com rforrest@forthepeople.com |
| James Tucker, Employer's Attorney | | | X | jtucker@manierherod.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov

6



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

**List of Parties**

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.

[Signature of appellant or attorney for appellant] _____

LB-1099    rev.4/15                              Page 2 of 2                              RDA 11082



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____ , having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries         $ _____ per month      Telephone       $ _____ per month

Electricity       $ _____ per month      School Supplies $ _____ per month

Water             $ _____ per month      Clothing        $ _____ per month

Gas               $ _____ per month      Child Care      $ _____ per month

Transportation    $ _____ per month      Child Support   $ _____ per month

Car               $_____ per month

Other             $ _____ per month (describe: _____ )

10. Assets:

Automobile            $ _____      (FMV) _____

Checking/Savings Acct. $ _____

House                 $ _____      (FMV) _____

Other                 $ _____      Describe: _____

11. My debts are:

Amount Owed                        To Whom

_____            _____

_____            _____

_____            _____

_____            _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____