FILED
April 17, 2020
12:06 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Natacha Hudgins | ) | Docket No. 2017-01-0690 |
| | ) | |
| v. | ) | State File No. 92112-2016 |
| | ) | |
| Global Personnel Solutions, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard March 24, 2020, at Knoxville |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

---

### Affirmed and Remanded

---

The employee sustained an injury to her right hand and right knee after tripping over a pallet in the course of her employment. The claim was accepted as compensable and the employer provided medical benefits, including authorization of a partial knee replacement. Following surgery, the employee began experiencing back and hip pain, prompting a referral for a neurosurgical evaluation that resulted in a recommendation for lumbar surgery. The employer authorized decompression surgery, but declined to authorize a fusion. The employee filed a petition seeking to compel the employer to authorize both procedures and to pay temporary disability benefits for the period of time she alleged she was disabled as a result of her hip and lumbar conditions. Following an expedited hearing, the trial court concluded the employee had come forward with sufficient evidence indicating she would likely prevail at trial in establishing that her back complaints were the direct and natural consequence of her knee injury. It ordered the employer to authorize the recommended surgery and concluded the employee was entitled to temporary disability benefits. The employer has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge David F. Hensley joined.

W. Troy Hart and Tiffany B. Sherrill, Knoxville, Tennessee, for the employer-appellant, Global Personnel Solutions, Inc.

Matthew G. Coleman, Cleveland, Tennessee, for the employee-appellee, Natacha Hudgins

## Factual and Procedural Background

Natacha Hudgins ("Employee") injured her hand and right knee on November 23, 2016, while working at a battery manufacturing plant through a temporary employment agency, Global Personnel Solutions, Inc. ("Employer"). Employer accepted the claim as compensable and provided workers' compensation benefits, including a panel of physicians from which Employee selected Dr. Carl Dyer. Dr. Dyer provided conservative medical treatment before referring Employee to Dr. Martin Redish for a surgical evaluation due to Employee's continuing knee complaints. Employee first saw Dr. Redish on May 11, 2017, at which time he recommended a total right knee replacement. Following utilization review, a partial knee replacement was authorized, and surgery was performed on October 11, 2017.

Employee was taken off work after surgery and continued to follow up with both Dr. Redish and Dr. Dyer. Employee testified that she began experiencing "pain in [her] hip, pain in [her] leg, swelling in [her] feet, [and] numbness in [her] feet" two weeks after her knee surgery. On October 25, Dr. Dyer documented Employee's use of a walker and a "flare-up of the bursitis in [her] right hip subsequent to the surgery." At a November 29 office visit, Dr. Dyer noted Employee's complaints of generalized aches and hip pain, and he observed symptoms of tenderness upon examination.

Both Dr. Dyer and Dr. Redish chronicled Employee's continued use of a walker and persistent hip pain in the following months, and Employee's medical records reflected limited range of motion and tenderness in the right hip, as well as marked atrophy of the right quadriceps muscle. On February 20, 2018, Dr. Dyer noted a "slight flexion contracture" and pain in the right hip that Employee reported resulted from "her having to walk with an alternate gait." In March 2018, Dr. Dyer noted Employee's inability to walk with a "foot over foot type of gait," as well as her limp. In September 2018, Dr. Dyer documented "minimal progress" by Employee and noted she did not walk with a normal gait.

Employee returned to Dr. Dyer on September 27, 2018, with complaints of pain in her lumbar spine and pain radiating into her right hip and leg. An MRI of Employee's lumbar spine revealed "narrowing with osteophytes at L4-L5 with potential compression of the right L5 nerve root and contact with the L4 nerve root bilaterally with compression possibly of the L5-S1 on the right." Dr. Dyer noted, "I feel like this is at the very least an aggravation of a preexisting problem secondary to walking with flexion contracture of the right knee." Dr. Dyer eventually referred Employee to Dr. Adam Caputo for a surgical assessment of her lumbar condition, and Dr. Caputo recommended either a fusion or decompression at L4-L5, depending on the severity of the collapsed interspace. Employer authorized the decompression surgery, but denied the fusion.

Employee filed a request for an expedited hearing, seeking authorization for fusion surgery and payment of temporary disability benefits for the period of time she alleged she was disabled after her knee surgery. Employer asserted the lumbar condition was not work related and questioned the medical necessity of the fusion surgery. Following the expedited hearing, the trial court concluded Employee came forward with sufficient evidence indicating she would likely prevail at trial in establishing that her lumbar and hip conditions are the natural consequence of the gait change brought about by her work-related knee injury. The court ordered Employer to provide whatever treatment Dr. Caputo recommended for Employee's lumbar spine, including surgery, and to pay temporary disability benefits. Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2019). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2019).

## Analysis

Employer identified three issues on appeal, which we have restated as follows: (1) whether the trial court erred in awarding benefits to Employee when she failed to prove her back and hip injuries were the result of a "specific incident" or "set of incidents" that were "identifiable by time and place of occurrence"; (2) whether the trial court erred in awarding benefits when Employee failed to prove that her need for back and hip treatment were primarily the result of a work injury; and (3) whether the trial court erred in ordering temporary disability benefits.

As an initial matter, we note that Employer cites Tennessee Code Annotated section 50-6-217(a)(3) (2016) (repealed 2017) in its brief, which authorized us to reverse or modify a trial court's decision if the rights of a party were prejudiced because the

findings of the trial judge were "not supported by evidence that is both substantial and material in light of the entire record." However, as we have observed on numerous occasions, this code section was repealed effective May 9, 2017.[1] Consequently, the standard we apply in reviewing the trial court's decision presumes that the trial judge's factual findings are correct unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-239(c)(7).

*Identifiable Injury*

Employer contends the trial court erred in awarding Employee benefits because she failed to prove that her back and hip injuries were the result of a "specific incident or set of incidents" that were "identifiable by time and place of occurrence," as statutorily required. Employee asserts that compensability of the knee injury is undisputed, and, as a result, the issue raised by Employer fails to address the substance of Employee's claim or the trial court's analysis, both of which were based upon the "direct and natural consequence" rule.

Tennessee Code Annotated section 50-6-102(14) (2019) defines "injury" and "personal injury" to mean an "injury by accident . . . arising primarily out of and in the course and scope of employment, that causes . . . disablement or the need for medical treatment." Subsection 50-6-102(14)(A) provides that "[a]n injury is 'accidental' only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and

---

[1] *See Hopkins v. EmployBridge Holding Co.*, No. 2019-05-0198, 2020 TN Wrk. Comp. App. Bd. LEXIS 11, at *4-5 (Tenn. Workers' Comp. App. Bd. Mar. 10, 2020); *Andrews v. Custom Foods of America, Inc.*, No. 2018-03-0413, 2020 TN Wrk. Comp. App. Bd. LEXIS 1, at *3-4 (Tenn. Workers' Comp. App. Bd. Jan. 24, 2020); *Goodwin v. Morristown Driver's Services, Inc.*, No. 2017-03-1235, 2019 TN Wrk. Comp. App. Bd. LEXIS 37, at *6-7 (Tenn. Workers' Comp. App. Bd. July 31, 2019); *McLaurin v. AT&T Services, LLC*, No. 2017-03-1133, 2019 TN Wrk. Comp. App. Bd. LEXIS 6, at *4-5 (Tenn. Workers' Comp. App. Bd. Jan. 31, 2019); *Bullard v. Facilities Performance Grp.*, No. 2017-08-1053, 2018 TN Wrk. Comp. App. Bd. LEXIS 37, at *5 (Tenn. Workers' Comp. App. Bd. Aug. 7, 2018); *Ledford v. Mid-Georgia Courier, Inc.*, No. 2017-01-0740, 2018 TN Wrk. Comp. App. Bd. LEXIS 28, at *4 (Tenn. Workers' Comp. App. Bd. June 4, 2018); *Duignan v. Stowers Machinery Corp.*, No. 2017-03-0080, 2018 TN. Wrk. Comp. App. Bd. LEXIS 25, at *8-9 (Tenn. Workers' Comp. App. Bd. May 29, 2018); *Ogden v. McMinnville Tool & Die*, No. 2016-05-1093, 2018 TN Wrk. Comp. App. Bd. LEXIS 14, at *9-10 (Tenn. Workers' Comp. App. Bd. May 7, 2018); *Edwards v. Fred's Pharmacy*, No. 2017-06-0526, 2018 TN Wrk. Comp. App. Bd. LEXIS 9, at *5-6 (Tenn. Workers' Comp. App. Bd. Feb. 14, 2018); *Bowlin v. Servall, LLC*, No. 2017-07-0224, 2018 TN Wrk. Comp. App. Bd. LEXIS 6, at *6-7 (Tenn. Workers' Comp. App. Bd. Feb. 8, 2018); *Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *12-13 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018); *Baker v. Electrolux*, No. 2017-06-0070, 2017 TN Wrk. Comp. App. Bd. LEXIS 65, at *5-6 (Tenn. Workers' Comp. App. Bd. Oct. 20, 2017); *Butler v. AAA Cooper Transp.*, No. 2016-07-0459, 2017 TN Wrk. Comp. App. Bd. LEXIS 54, at *5-6 (Tenn. Workers' Comp. App. Bd. Sept. 12, 2017); *Glasgow v. 31-W Insulation Co.*, No. 2017-05-0225, 2017 TN Wrk. Comp. App. Bd. LEXIS 51, at *11-12 (Tenn. Workers' Comp. App. Bd. Sept. 6, 2017).

4

in the course and scope of employment, and is identifiable by time and place of occurrence."

It is undisputed that Employee suffered a compensable injury to her knee after tripping over a pallet at work. Because Employee's theory of recovery relies on the assertion that her back and hip complaints are the direct and natural consequence of the compensable knee injury, and were not caused by a specific incident or set of incidents at work, we review the alleged injuries within the framework of the direct and natural consequences rule. We have previously determined that the direct and natural consequences rule survived the 2013 Workers' Compensation Reform Act, stating that,

> "[w]hen the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment." Therefore, "all the medical consequences and sequelae that flow from the primary injury are compensable."

*Lee v. Western Plastics*, No. 2016-06-0912, 2016 TN Wrk. Comp. App. Bd. LEXIS 53, at *6-7 (Tenn. Workers' Comp. App. Bd. Oct. 20, 2016) (quoting *Rogers v. Shaw*, 813 S.W.2d 397, 400 (Tenn. 1991)).

As a result, in the present case, Employee is not required to establish that her hip and back injuries resulted from a specific incident or set of incidents at work. The direct and natural consequence rule contemplates that certain injuries may be compensable even if they do not occur while the employee is at work, so long as they are the direct and natural consequence of a compensable injury. Thus, Employee's inability to describe a specific incident or set of incidents identifiable by time and place of occurrence that resulted in her back and hip complaints is not a bar to relief at the expedited hearing. Moreover, Employer offered no proof to rebut Dr. Dyer's opinion that Employee's knee injury and subsequent surgery caused an alteration in her gait that resulted in an aggravation of her preexisting hip condition and her lumbar condition. Accordingly, we conclude that the evidence supports the trial court's determination that Employee is likely to prevail at trial in establishing the compensability of her lumbar and hip conditions.

*Causation*

Employer next asserts that Employee failed to carry her burden of proof in demonstrating her need for back and hip treatment arose primarily out of her work injury. As discussed above, a "subsequent injury, whether in the form of an aggravation of the original injury or a new and distinct injury, is compensable if it is the 'direct and natural result' of a compensable injury." *Anderson*, 259 S.W.3d at 696. "The rationale for the rule is that the original compensable injury is deemed the cause of the damage flowing from the subsequent injury-producing event." *Anderson*, 259 S.W.3d at 697; *see also Lee*

5

*v. Western Plastics*, No. 2016-06-0912, 2016 TN Wrk. Comp. App. Bd. LEXIS 53, at *6-7 (Tenn. Workers' Comp. App. Bd. Oct. 20, 2016).

Here, Dr. Redish documented Employee's difficulty ambulating in post-surgical examinations and described her walking "stiff legged with a cane even though she is able to flex her knee nicely." Dr. Dyer's reports provided a detailed history of right hip pain, use of a walker, gait modification, atrophy of the right quadriceps muscle, and flexion contracture, all occurring after Employee underwent knee surgery. In addition, in his September 27, 2018 office note, Dr. Dyer opined, "I feel like [the hip, back, and leg symptoms are] at the very least an aggravation of a preexisting problem secondary to walking with flexion contracture of the right knee." These statements are consistent with Employee's unrefuted testimony that she had no back or hip symptoms prior to her knee surgery.

Both parties also sent letters to Dr. Dyer addressing causation. In a May 1, 2019 letter, Employee asked which of her specific conditions he was currently treating and whether those conditions arose primarily out of and in the course and scope of her employment. Dr. Dyer listed several conditions for which he was treating Employee, including the right knee injury and degenerative disc disease of her lumbar spine. When asked if these conditions arose primarily out of and in the course and scope of Employee's employment, Dr. Dyer checked, "yes." Employer also sent a causation letter to Dr. Dyer, asking if "it seemed more likely than not that [Employee's] symptoms to her back are the result of her modifying the way that she walks because of her knee injury?" Rather than checking "yes" or "no," Dr. Dyer wrote, "[p]ossibly – the [patient] also has deg[enerative] disc disease. See Med[ical] Record."

Employer contends Dr. Dyer's response to its letter evidences the speculative nature of Dr. Dyer's causation opinion and is insufficient to establish that Employee's lumbar and hip injuries arose primarily out of and in the course and scope of employment. However, Employee need not show that her back and hip injuries arose primarily out of the employment. Rather, Employee must establish she would likely prevail at trial in showing that her lumbar and hip conditions are the direct and natural consequences of the original compensable knee injury. In his September 27, 2018 medical record, Dr. Dyer directly linked the flexion contracture of the right knee with an aggravation of a pre-existing condition resulting in Employee's hip, back, and leg problems. The trial court considered Employee's medical records and Dr. Dyer's causation opinions, as well as the testimony of Employee and her daughter, and concluded Employee is likely to establish at trial that the injuries to Employee's hip and back were the direct and natural consequences of the original injury. Accordingly, we conclude the preponderance of the evidence supports the trial court's determination.

6

*Temporary Disability Benefits*

Employer's final issue asserts the trial court erred in awarding additional temporary disability benefits when Employee had already been placed at maximum medical improvement for her knee injury. An injured worker is eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and inability to work; and (3) the worker established the duration of the period of disability. *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978). Temporary total disability benefits are terminated either by the ability to return to work or attainment of maximum recovery. *Id.*

Employee was placed at maximum medical improvement for her knee injury on October 9, 2018. She testified that Employer would not allow her return until she was released without restrictions from all of her injuries. Employer paid temporary disability benefits until April 2019. Dr. Dyer placed Employee on restrictions of no repetitive lifting, bending, stooping, pulling, or tugging on December 11, 2018, as a result of her lumbar and hip conditions, and his September 10, 2019 office note reflected that Employee's "work restrictions are the same." There is nothing in the record to suggest that Dr. Dyer's restrictions as they relate to Employee's hip and back conditions have been lifted or altered. Accordingly, we find no error with the trial court's conclusion that Employee is entitled to temporary disability benefits from the date Employer ceased paying temporary benefits until Employee either returns to work or is determined to be at maximum medical improvement for her lumbar and hip injuries.

**Conclusion**

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Natacha Hudgins | ) | Docket No. 2017-01-0690 |
| | ) | |
| v. | ) | State File No. 92112-2016 |
| | ) | |
| Global Personnel Solutions, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard March 24, 2020, at Knoxville |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 17th day of April, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Matthew G. Coleman<br>Leslie Haywood | | | | X<br>X | mcoleman@loganthompsonlaw.com<br>lhaywood@loganthompsonlaw.com |
| Tiffany B. Sherrill<br>Chrissy Almeida | | | | X<br>X | tbsherrill@mijs.com<br>clalmeida@mijs.com |
| Thomas L. Wyatt, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov